UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE D KRUGER,<br><br>               Plaintiff,<br><br>   v.<br><br>CARLOS DEL TORO,<br><br>              Defendant. | Case No. 3:23-cv-05932-TMC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

      Before the Court is pro se Plaintiff Duane Kruger's motion to appoint counsel. Dkt. 6. For the reasons set forth below, the Court DENIES Mr. Kruger's motion.

### I.    BACKGROUND

      Mr. Kruger filed this case on October 17, 2023, Dkt. 1, and this motion seeking court-appointed counsel on November 1, 2023, Dkt. 6. Mr. Kruger's complaint asserts claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"). Dkt. 1-1 at 3. Mr. Kruger alleges he was unlawfully discriminated against based on age during a promotion selection process in 2020 while he was employed by the Puget Sound Naval Shipyard. *Id.* at 3–5.

      Mr. Kruger notes that although he previously retained representation by Jonathan E. Trotter, Mr. Trotter was deployed to South Korea, and Mr. Kruger decided to proceed without

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

representation in part due to cost. Dkt. 6 at 5. Mr. Kruger explains that he attempted to find counsel by contacting at least 20 regional law firms, as well as national law firms and affiliates of the Washington State Office of the Attorney General, American Civil Liberties Union, Office of Military & Veteran Legal Assistance, CLEAR, and CLEAR Senior. *Id.* He further notes that "[t]he affordability issue still exists." *Id.*

There is no constitutional right to appointed counsel in employment discrimination cases. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).[1] *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory").

As a threshold matter, although Mr. Kruger initially moved for leave to proceed *in forma pauperis*, Dkt. 1, he later paid the filing fee. His financial affidavit in support of this motion shows income that exceeds his monthly expenses, and assets in property and bank accounts. Dkt. 6 at 4. Although the Court recognizes the difficulty of finding affordable counsel, Mr. Kruger likely does not qualify as indigent for the purpose of appointed counsel under 28 U.S.C. § 1915(e).

Additionally, when assessing whether there are exceptional circumstances warranting appointment of counsel, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

---

[1] Although Mr. Kruger applies for court-appointed counsel using the form for cases arising under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII), Dkt. 6, he brings his claim for age discrimination under the ADEA, Dkt. 1 at 3. Title VII does not cover age discrimination. 42 U.S.C. §§ 2000e–2000e-17. Accordingly, the Court uses the "exceptional circumstances" standard for appointment of counsel for indigent litigants in civil cases, rather than the Title VII standard.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. *Rand*, 113 F.3d at 1525. They must demonstrate that they are unable to articulate their position due to the complexity of claims. *Id.*

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Mr. Kruger's application for counsel and the information he has provided, his case does not meet the standard for appointment of counsel for the following reasons:

First, the Court does not possess sufficient information to evaluate the likelihood of success of Mr. Kruger's case on the merits. Mr. Kruger's complaint alleges that Defendant unlawfully discriminated him based on age, but he has provided few factual allegations supporting his claims. *See generally* Dkt. 1, 6. At this early stage of the litigation, the Court cannot determine the merits of Mr. Kruger's claims.

Second, Mr. Kruger has not identified circumstances rendering his case of complexity sufficient to warrant appointment of counsel. Mr. Kruger has so far demonstrated he is able to file pleadings and motions in the case. Additionally, the contents of his filings do not indicate that the legal issues involved will be particularly complex. *See Wilborn*, 789 F.2d at 1331. While

ORDER DENYING MOTION TO APPOINT COUNSEL - 3

Mr. Kruger may certainly benefit from the assistance of legal counsel as a pro se litigant, he has not shown that this case will reach a degree of complexity sufficient to require designation of counsel. *See id.*; *Agyeman*, 390 F.3d at 1103–04; *Rand*, 113 F.3d at 1525.

## II.  CONCLUSION

Future motion practice may allow the Court to better evaluate the merits of Mr. Kruger's claims, but this case does not currently present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES his motion to appoint counsel. This does not prevent Mr. Kruger from bringing another motion for appointed counsel at a later stage of the case should his financial condition or other circumstances change. The Court encourages Mr. Kruger to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge