UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE D KRUGER,<br><br>              Plaintiff,<br><br>   v.<br><br>CARLOS DEL TORO,<br><br>             Defendant. | Case No. 3:23-cv-05932-TMC<br><br>ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND |

      Before the Court is Defendant Carlos Del Toro's motion to dismiss (Dkt. 13). Having reviewed the parties' briefing and the complaint (Dkt. 2), the Court GRANTS the motion to dismiss and GRANTS Mr. Kruger leave to amend his complaint.

## I.    BACKGROUND

      Plaintiff Duane D. Kruger, born in 1960, brings this action under the Age Discrimination in Employment Act of 1968, 29 U.S.C. §§ 621–34 ("ADEA"). Dkt. 2 at 3, 5. He claims that during his employment with the Department of the Navy at the Puget Sound Naval Shipyard, the Navy discriminated against him based on his age by failing to promote him, subjecting him to unequal employment terms and conditions, and retaliating against him. *Id.* at 3–4. He stated that the discriminatory acts occurred from April to July, 2020, and noted that these acts are ongoing.

*Id.* at 5. Mr. Kruger alleges that "[i]n the year 2020, a promotion selection process was conducted which denied [e]qual [o]pportunity for [s]election." *Id.*

Before bringing this action, Mr. Kruger filed an Equal Employment Opportunity Commission ("EEOC") charge alleging he was not selected for a promotion opportunity while he was on administrative leave from his job at the Navy. *Id.* at 8. After an investigation, an Administrative Judge found no discrimination, the Navy issued a final order implementing that decision, and the EEOC affirmed the final order on appeal. *Id.* at 9. On July 24, 2023, Mr. Kruger received a letter from the EEOC denying his request for reconsideration and notifying him of his right to file a civil action in a U.S. District Court. *Id.* Mr. Kruger filed this action before the deadline stated in the letter. *See id.*; Dkt. 1.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.      Mr. Kruger has not alleged sufficient facts to support a failure-to-promote claim.**

To state a failure-to-promote claim under the ADEA, a plaintiff must allege facts showing that he was "(1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person." *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012). Regarding the second prong, the plaintiff does not need to show he applied for a position if he instead shows that the employer did not award promotions through a competitive process; for example, by using discriminatory evaluative criteria, failing to post the job opening, or failing to accept formal applications. *See Lyons v. England*, 307 F.3d 1092, 1114 (9th Cir. 2002). Regarding the fourth prong, the person who received the position generally must be at least ten years younger than the plaintiff. *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015). But if the age gap is less than ten years, the plaintiff may allege additional facts showing "the employer considered his or her age to be significant." *Id.*

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 3

By stating that he was born in 1960, Mr. Kruger has shown that he was at least forty years old. *See* Dkt. 2 at 5. But Mr. Kruger has not alleged facts showing that he satisfies the remaining three prongs. He has not stated facts showing that he applied for a position for which he was qualified, or alternatively, that his employer used a non-competitive process. *See generally* Dkt. 2. Although Mr. Kruger alleges that "[i]n the year 2020, a promotion selection process was conducted which denied [e]qual [o]pportunity for [s]election," Dkt. 2 at 5, to show this process was non-competitive, Mr. Kruger would need to provide more detail explaining what hiring process his employer used, including the parts of the process he alleges were non-competitive. *See Lyons v. England*, 307 F.3d 1092, 1114 (9th Cir. 2002). In addition, Mr. Kruger has not shown that he was denied the position or that the person who received the promotion was substantially younger than him. Mr. Kruger thus has not alleged sufficient facts to support a plausible failure-to-promote claim.

### C. Mr. Kruger has not alleged sufficient facts to support a retaliation claim.

Under the ADEA, an employer may not "retaliate against an employee for opposing the employer's discriminatory practices or participating in any investigation or proceeding under the ADEA." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996) (citing 29 U.S.C. § 623(d)). To state a claim for retaliation, a plaintiff must establish (1) that he engaged in activity protected by the ADEA, such as opposing discriminatory practices or participating in an ADEA proceeding; (2) "that he was discharged or suffered some other adverse employment decision;" and (3) "that there is a causal connection between the two." *Id.*

Mr. Kruger has not alleged facts identifying a protected activity in which he was engaged, or showing he faced an adverse employment action because of that protected activity. He thus has not stated sufficient facts to support a plausible retaliation claim.

**D.     Leave to amend is proper.**

When dismissing a complaint, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court shall apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant," who is "far more prone to making errors in pleading" than a represented litigant. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Given Mr. Kruger's pro se status and the liberal standard of Rule 15, leave to amend is proper. The Court grants Mr. Kruger leave to amend his complaint to add factual allegations explaining the following, to the extent applicable:

- The position for which the Navy denied Mr. Kruger a promotion.
- What qualifications the position required.
- Mr. Kruger's qualifications for the position.
- The process the Navy used to fill the position, and if Mr. Kruger alleges the process was unfair or non-competitive, the ways in which it was unfair or non-competitive.
- What steps Mr. Kruger took to apply for the position, or if he did not apply, whether he knew about the position or an application process.
- The age of the person who received the position, and if that person is less than ten years younger than Mr. Kruger, information showing that the Navy considered Mr. Kruger's age to be important when making its hiring decision.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 5

- What action(s) Mr. Kruger took to either (1) oppose discriminatory practices in the Navy, or (2) participate in an ADEA investigation or proceeding.
- The Navy's response to Mr. Kruger's action(s), and how that response had a negative impact on his employment.
- Information showing the Navy responded as it did because of Mr. Kruger's action(s).
- Any other facts that support Mr. Kruger's claims.

### III.   CONCLUSION

For the above reasons, the Court GRANTS Del Toro's motion to dismiss and DISMISSES Mr. Kruger's failure-to-promote and retaliation claims without prejudice.[1] The Court also GRANTS Mr. Kruger leave to amend his complaint. The Court ORDERS Mr. Kruger to file and serve his amended pleading on all parties no later than April 4, 2024.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of March, 2024.

_____
Tiffany M. Cartwright
United States District Judge

---

[1] Mr. Kruger also stated in his complaint that he is claiming "unequal employment terms and conditions," Dkt. 2 at 4, but Del Toro did not address this claim in his motion to dismiss, *see* Dkt. 13.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 6